HORTON, OBERRECHT & KIRKPATRICK
Cheryl Kirkpatrick (SBN 149906)
Elaine D. Etingoff (SBN 89113)
3 Park Plaza, Ste. 350
Irvine, CA 92614
Tel: (949) 251-5100
Fax: (949) 251-5104
ckirkpatrick@hortonfirm.com
eetingoff@hortonfirm.com

Attorneys for Defendant
TARGET CORPORATION

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| Doreen Vouga-Wilson,<br><br>                        Plaintiff,<br><br>     vs.<br><br>Target Corporation; and Does 1-5,<br><br>                        Defendant. | CASE NO: 30-2021-01189250-CU-PO-CJC<br><br>Assigned for all purposes to:<br>Hon. Judge Nancy E. Zeltzer<br>Dept. C34<br><br>**DEFENDANT TARGET CORPORATION'S ANSWER**<br><br>Complaint Filed:   March 12, 2021<br>Trial Date:           Not Set |

Defendant TARGET CORPORATION ("Defendant") hereby answers the Original Complaint ("Complaint") filed by Plaintiff DOREEN VOUGA-WILSON ("Plaintiff"):

**GENERAL AND SPECIFIC DENIALS**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Accidental or Unavoidable Injury)**

The Complaint, and each and every cause of action alleged therein, is barred because Defendant was not negligent at the time of the accident.

### THIRD AFFIRMATIVE DEFENSE

**(Acts of Other Parties)**

Defendant alleges that, if Defendant is subjected to any liability by Plaintiff, it will be due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

### FOURTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon Plaintiff's conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

### FIFTH AFFIRMATIVE DEFENSE

**(Comparative Negligence)**

Defendant alleges that Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to their negligence and fault.

## SIXTH AFFIRMATIVE DEFENSE

**(Estoppel)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

**(Exercise of Reasonable Care)**

Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

**(Failure of Others to Exercise Reasonable Care)**

If Defendant is subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other Defendants or other parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

## NINTH AFFIRMATIVE DEFENSE

**(Failure to Exercise Ordinary Care)**

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to exercise ordinary and reasonable care on Plaintiff's own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, Plaintiff's own alleged injuries and damages, if any, and Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

## TENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Intervening Acts of Others)**

The Complaint, and each and every cause of action alleged therein, is barred because the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Notice)**

Defendant alleges that it did not have either actual or constructive notice of the conditions, if any, which existed at the time and places mentioned in the Complaint, which conditions may have caused or contributed to the damages as alleged herein. Said lack of notice prevented Defendant from undertaking any measures to protect against or warn of said conditions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Particularity)**

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to particularize the claims in the Complaint, thereby depriving Defendant of the ability to ascertain the true bases of Plaintiff's claim, if any, and the law applicable to the claim.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

The Complaint, and each and every cause of action alleged therein, is barred because Plaintiff lacks standing.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Obvious Danger)**

Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for Plaintiff's own safety in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff, in that any possible danger with regard to the accident in question was obvious to anyone using reasonable care.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Reimbursement)**

Defendant alleges that any reimbursement, from whatever source, to Plaintiff of the alleged damages must be applied against any liability of Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Res Judicata/Collateral Estoppel)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Several Liability for Non-Economic Damages)**

If Defendant has any liability to Plaintiff in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages under California Civil Code sections 1431.1 and 1431.2. Therefore, Defendant requests a judicial determination of the percentage of its negligence, if any, which proximately contributed to the subject incident.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and Professions Code section 17208.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Uncertainty)**

Defendant alleges that the causes of action in the Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Willful Misconduct)**

Defendant alleges that if Plaintiff was injured and/or damaged as set forth in the Complaint, or in any other way, sum or manner, or at all, then said injuries and/or damages and the whole thereof, proximately and concurrently resulted from and were caused, in whole or in part, by the willful and serious misconduct on the part of the Plaintiff with regard to each and every activity at the times and places mentioned in the Complaint and all times relevant thereto.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Additional Defenses)**

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain DOCUMENTS bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the DOCUMENTS provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;
3. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and
4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED: September 10, 2021            HORTON, OBERRECHT & KIRKPATRICK

*Elaine D. Etingoff*
_____
Cheryl Kirkpatrick
Elaine D. Etingoff
Attorneys for Defendant
TARGET CORPORATION

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is HORTON, OBERRECHT & KIRKPATRICK, 3 Park Plaza, Ste. 350, Irvine, CA 92614. On the date below, I served the foregoing document(s) described as:

### DEFENDANT TARGET CORPORATION'S ANSWER

By sending a true copy thereof to the address listed below:

### SEE ATTACHED SERVICE LIST

- ☐ **By Messenger Service.** I served the documents by providing them to a professional messenger service for personal service.

- ☐ **By Overnight Delivery.** I deposited a sealed envelope containing a true and correct copy of the documents listed above for overnight delivery and with the postage fully prepaid.

- ☒ **By E-Mail or Electronic Transmission.** I caused the documents to be sent to the persons at the email address listed above in a PDF file, and the transmission appeared to be successful.

- ☒ **By United States Mail.** I deposited a sealed envelope containing a true and correct copy of the documents listed above with the United States Postal Service with the postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Irvine, California.

- ☐ **By Fax Transmission.** I faxed the documents to the persons at the fax number listed above, and the transmission appeared to be successful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 10, 2021 at Irvine, California.

*/s/ Crystal Thompson*

Crystal Thompson

**SERVICE LIST**

Jade N. Tran, Esq.
KOHAN & BABLOVE, LLP
1101 Dove Street, Suite 220
Newport Beach, CA 92660
Tel: (949) 535-1341
Fax: (949) 535-1449
Email: jtran@kbtriallawyers.com

Attorneys for Plaintiff Doreen Vouga-Wilson