JS 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:21-CV-01491-DOC-KES            Date: November 23, 2021

Title: DOREEN VOUGA WILSON V. TARGET CORPORATION

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]**

Before the Court is a Motion to Remand (Dkt. 10) ("Motion" or "Mot.") brought by Plaintiff Doreen Vouga Wilson ("Plaintiff"). The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 715. The Court now **GRANTS** Plaintiff's Motion.

## I. Background

The following facts are drawn from Plaintiff's Complaint ("Compl.") (Dkt. 1-2). Plaintiff alleges that she was a patron of Target Corporation ("Defendant") and "fell over a partially unloaded pallet left unattended and protruding into the end of an aisle." *Id.* at 4.

Plaintiff originally filed suit in Orange County Superior Court on April 14, 2021. *See generally* Compl. On September 10, Defendant removed the action to this Court, asserting diversity jurisdiction. Notice of Removal (Dkt. 1). Plaintiff filed the instant Motion on October 8, 2021. Defendant opposed ("Opposition") (Dkt. 13) on November 8, 2021 and Plaintiff replied ("Reply") (Dkt. 14) on November 15, 2021.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-01491-DOC-KES                                        Date: November 23, 2021

Page 2

## II.  Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-CV-01491-DOC-KES  Date: November 23, 2021

Page 3

supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**III.   Discussion**

Defendant argues that this Court has diversity jurisdiction in this action. *See generally* Notice of Removal. The Court disagrees.

To support removal based on diversity jurisdiction, Defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996); 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-01491-DOC-KES                            Date: November 23, 2021

Page 4

U.S.C. § 1332. To make its claim, Defendant relies on a single piece of evidence: a letter from Plaintiff that offers to settle the dispute for $425,000. Opp'n at 2. Defendant neither mentioned this letter in its Notice of Removal nor attached it as an exhibit.

"A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a *reasonable* estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (emphasis added). In *Petsmart*, the Ninth Circuit upheld an amount in controversy finding based on a settlement offer where the Plaintiff did not "argue[] that the demand was inflated and not an honest assessment of damages," "made no attempt to disavow his letter," and "consistently maintained that his mark is worth more than $100,000." *Id.* Here, Plaintiff has done anything but that, explicitly stating "[a]n initial demand does not establish the true value of a case." Reply at 3. Moreover, the Court does not find—and Defendant does not illustrate—that Plaintiff's injury warrants $425,000. Without such a demonstration, the Court does not find that the settlement letter reflects a reasonable estimate of the claim. *See Petsmart*, 281 F.3d at 840.

Accordingly, the Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

**IV.**     **Disposition**

For the reasons set forth above, the Court hereby **REMANDS** this case to the Orange County Superior Court.

The Clerk shall serve this minute order on the parties.

Initials of the Deputy Clerk: kdu